COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 02-04-064-CR *
 
  
BYRON 
DAVIS                                                                      APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Byron Davis appeals from his conviction for aggravated robbery with a deadly 
weapon.  In one issue, Davis challenges the admissibility of testimony 
regarding anonymous tips received by police.  Because we hold that the 
trial court did not abuse its discretion in admitting the objected-to testimony, 
we will affirm.
II. Background Facts and Procedural History
        On 
December 17, 2002, Loi Quoc Tran was working at the family-owned Corina Food 
Store when he was robbed at gunpoint.  At trial, Fort Worth police officer 
Linda Wennig testified about the investigation of the robbery.  Officer 
Wennig testified that police had no suspects in the robbery so they released a 
video tape of the robbery to the local media in an effort to identify the 
individual responsible.  Officer Wennig testified that police received 
several anonymous tips identifying Davis as the perpetrator.  She testified 
that after Davis was identified as a suspect in the robbery, she obtained a 
photo of Davis, prepared a photo spread, and showed the photo spread to 
Tran.  Officer Wennig testified that Tran identified Davis as the 
perpetrator from the photo spread.  Davis was charged with aggravated 
robbery with a deadly weapon, to which he pleaded not guilty.  The jury 
found Davis guilty and the trial judge sentenced him to thirty years’ 
imprisonment.  This appeal followed.
III. Hearsay
        In 
his sole issue on appeal, Davis contends that the trial court erred in 
permitting testimony by Detective Wennig regarding the anonymous tips received 
by police identifying him as the perpetrator.  Davis argues that Wennig’s 
testimony was hearsay and that the admission of her testimony violated the Texas 
Rules of Evidence and his Sixth Amendment right of confrontation.  See 
U.S. Const. amend. VI; Tex. R. Evid. 802.  The State 
responds that the testimony was properly admitted by the trial court because the 
testimony was offered to show why the investigation focused on Davis, not for 
the truth of the matter asserted, that is, that Davis was guilty of the robbery.
A. Standard of Review
        We 
review the trial court's decision to admit or exclude evidence under an abuse of 
discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 
2001); Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), cert. 
denied, 520 U.S. 1200 (1997); Montgomery v. State, 810 S.W.2d 372, 
379-80 (Tex. Crim. App. 1990).  The test for abuse of discretion is not 
whether, in the opinion of the reviewing court, the facts present an appropriate 
case for the trial court's action; rather, it is a question of whether the court 
acted without reference to any guiding rules or principles, and the mere fact 
that a trial court may decide a matter within its discretionary authority 
differently than an appellate court does not demonstrate such an abuse.  Montgomery, 
810 S.W.2d at 391.  We will not reverse a trial court's ruling on the 
admission of evidence as long as the ruling is within the zone of reasonable 
disagreement.  Id.
B. Analysis
        The 
Texas Rules of Evidence prohibit the admission of hearsay evidence except as 
provided by statute or other rules prescribed pursuant to statutory 
authority.  See Tex. R. Evid. 
802.  “Hearsay” is a statement, other than one made by the declarant 
while testifying at trial, offered in evidence to prove the truth of the matter 
asserted.  Tex. R. Evid. 
801(d).  Thus, a statement not offered to prove the truth of the matter 
asserted is not hearsay.  Dinkins v. State, 894 S.W.2d 330, 347-48 
(Tex. Crim. App.), cert. denied, 516 U.S. 832 (1995).  In that 
regard, the Texas Court of Criminal Appeals has held that statements offered for 
the purpose of explaining how a defendant became a suspect and not for the truth 
of the matter asserted are not hearsay.  See Jones v. State, 843 
S.W.2d 487, 499 (Tex. Crim. App. 1992) (holding testimony of officer explaining 
how officer came to suspect appellant was not objectionable as hearsay because 
it was “not offered to prove the truth of the matter asserted, but to show why 
the officer got an arrest warrant for and arrested appellant”), cert. 
denied, 507 U.S. 1035 (1993); see also Dinkins, 894 S.W.2d at 347 
(indicating appointment book and patient application form were not hearsay when 
“tendered . . . to show how appellant became a suspect in the 
investigation,” not for the truth of the matter asserted).  Thus, a 
police officer may testify about anonymous tips received for the purpose of 
showing why the investigation focused on a particular defendant.  Cano 
v. State, 3 S.W.3d 99, 110 (Tex. App.—Corpus Christi 1999, pet. ref’d); Levario 
v. State, 964 S.W.2d 290, 296 (Tex. App.—El Paso 1997, no pet.).  
This is because the testimony assists the jury’s understanding of the events 
by providing context for the police officer’s actions.  See Cano, 
3 S.W.3d at 110.
        Davis 
initially argues that we should not allow the jury to hear testimony regarding 
anonymous tips for the purpose of putting the investigation into context.  
He argues that doing so allows unsworn out-of-court statements to come before 
the jury while denying the accused the opportunity to cross-examine the 
witness.  Davis proposes that we limit testimony for this purpose to 
situations where the defendant challenges the investigation as being motivated 
by vendetta or grudge.  We decline to do so.  Testimony not offered 
for the truth of the matter asserted is not hearsay.  See Tex. R. Evid. 801(d); Dinkins, 
894 S.W.2d at 347; Jones, 843 S.W.2d at 499; Cano, 3 S.W.3d at 
110; Levario, 964 S.W.2d at 296.
        Davis 
next argues that the disputed testimony was inadmissible because it was offered 
by the prosecutor for the purpose of proving that Davis committed the charged 
robbery, not just to put the investigation in context.  Citing Schaffer 
v. State, Davis points out that the Texas Court of Criminal Appeals had held 
that “where there is an inescapable conclusion that a piece of evidence is 
being offered to prove statements made outside the courtroom, a party may not 
circumvent the hearsay prohibition through artful questioning designed to elicit 
hearsay indirectly.”  See 777 S.W.2d 111, 114 (Tex. Crim. App. 
1989).  In that regard, Davis argues that while it appears that the 
State’s question may have been to put the investigation in context, the 
“practical intent of the testimony” was to elicit testimony indicating that 
“several callers identified Mr. Davis as the actor in the video.”  
Davis points out that the State could have put the investigation into context by 
asking the question in such a way as to elicit a court-approved “neutral 
language response.”  As further support, Davis directs our attention to Benjamin 
v. State, an unpublished opinion out of the Houston Court of Appeals.  See 
Benjamin v. State, Nos. 14-98-01126-CR, 14-98-01127-CR, 2001 WL 726426 (Tex. 
App.—Houston [14th Dist.] June 28, 2001, no pet.) (not designated for 
publication).  In Benjamin, the Houston Court of Appeals upheld the 
trial court’s admission of testimony from a police office similar to the 
testimony in the case at bar; however, Davis points out that in doing so the 
court noted that there was “no other mention of the tip in testimony or 
argument.”  See id. at *2.  Davis asserts that unlike Benjamin, 
where the testimony was not mentioned again by the State, the prosecutor here 
emphasized and highlighted the testimony regarding the anonymous tips in its 
closing argument.  See id.  He argues that the State’s 
emphasizing and highlighting of this testimony is the best indicator that the 
State’s use of the testimony was improper.
        In 
Head v. State, the Texas Court of Criminal Appeals indicated that “the 
reviewing court should limit itself to the state of the evidence at the time the 
trial court was called upon to make a ruling on admissibility.”  4 S.W.3d 
258, 262 n.5 (Tex. Crim. App. 1999).  Thus, considering only the evidence 
before the court at the time the court was requested to rule on the 
admissibility of Detective Wennig’s testimony, we are not inescapably drawn to 
conclude that the State offered the testimony for the purpose of proving the 
truth of statements made outside the courtroom.  See Schaffer, 777 
S.W.2d at 114.  To the contrary, our review of the evidence leads us to 
conclude that the State elicited the objected to testimony for the purpose of 
establishing how Davis was developed as a suspect.  Accordingly, we hold 
that the trial court did not abuse its discretion when it allowed the 
objected-to testimony.  We overrule Davis’s sole issue.
IV. Conclusion
        Having 
overruled Davis’s sole issue, we affirm the trial court’s judgment.
  
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 
DAUPHINOT, 
J. filed a concurring and dissenting opinion.
 
PUBLISH
 
DELIVERED: 
June 2, 2005
 

  
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-064-CR
 
  
BYRON 
DAVIS                                                                      APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
CONCURRING AND 
DISSENTING OPINION
 
------------
        Because 
I agree with the result that the majority reached but disagree with their 
analysis, I respectfully write separately.
        The 
majority’s analysis turns on their position that, because the State offered 
the testimony for the purpose of establishing how Appellant became a suspect and 
not for the truth of the matter asserted, the testimony was admitted for 
a limited purpose.  The majority takes this position despite the fact that 
no limiting instruction was given.  The law is well settled that evidence 
admitted without any limiting instruction is admitted for all purposes.[2]  No matter how limited the State’s offer, the 
testimony is in the record for all purposes, including the truth of the matter 
asserted.[3]
        Because 
the majority confuses the limited offer of the evidence with a limited admission 
of evidence, I respectfully dissent.  Because Appellant failed to request 
the limiting instruction, I concur in the result the majority reaches in their 
thoughtful opinion.
  
   
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
  
 
PUBLISH
 
DELIVERED: 
June 2, 2005



NOTES

* Majority Opinion by Justice McCoy; Concurring & Dissenting 
Opinion by Justice Dauphinot
        Majority Notes
1.  
See Tex. R. App. P. 47.4.
 
        Concurring & Dissenting Opinion Notes
2.  
See Tex. R. Evid. 105(a); Hammock 
v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) (“As we previously 
stated, however, K.H.'s testimony was admitted for all purposes because 
appellant failed to request a limiting instruction when the evidence was 
admitted.”); Garcia v. State, 887 S.W.2d 862, 878 (Tex. Crim. App. 
1994) (“Appellant further ignores that once evidence is received without a 
proper limiting instruction, it becomes part of the general evidence in the case 
and may be used as proof to the full extent of its rational persuasive 
power.”), cert. denied, 514 U.S. 1021 (1995).
3.  
See Ex parte Varelas, 45 S.W.3d 627, 635 (Tex. Crim. App. 2001) 
(“Additionally, without the limiting instructions, it is probable that the 
jury considered the extraneous acts as direct evidence of applicant's guilt, 
i.e., propensity evidence, rather than for the purposes in which they were 
offered, which was limited to the applicant's state of mind, intent, 
relationship, motive and to rebut defensive issues.”); McCullough v. State, 
116 S.W.3d 86, 94 (Tex. App.—Houston [14th Dist.] 2001, pet. 
ref’d) (“In certain instances, evidence may be offered for a limited 
purpose.  However, for that limitation to be effective the admission of the 
evidence must be accompanied by a limiting instruction.”).